U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 2 2 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

WESLEY HARRIS

versus

KUBOTA TRACTOR CORPORATION

CIVIL NO. 04-2490
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion in limine filed by the plaintiff, Wesley Harris ("Harris"), seeking to exclude the results of a drug test. See Record Document 39. Amicus Mutual Insurance ("Amicus") and D Raborn Enterprises, Inc. d/b/a Magnolia Hill Farm and Nursery ("Magnolia Hill Farm and Nursery"), intervenors in this matter, jointly filed a motion in limine, which adopted the arguments presented in Harris's motion. See Record Document 43. For the following reasons, the motions in limine (Record Documents 39 and 43) are **DENIED**.

### I. BACKGROUND

On December 19, 2003, Harris was attempting to remove a rotary tiller from a tractor manufactured by the defendant, Kubota Tractor Corporation ("Kubota"), when his leg became entangled in the tiller. As a result of extensive injuries,

1

Harris's leg had to be amputated. A urinalysis performed after the accident indicated that Harris tested positive for cocaine metabolites and cannabinoids, byproducts of the body's use of cocaine and marijuana. During a January 8, 2004 interview with an insurance adjustor for Amicus, Harris was asked whether during the "whole week, Monday to Friday, if [he had] had any drugs, used any medication of any kind," and Harris responded in the negative. Record Document 55, Exhibit 1 at 2. However, in a deposition conducted on May 10, 2005, Harris admitted using cocaine during the "first part of the week before the accident," but was unable to recall specifically on what day the drug use occurred. Record Document 45, Exhibit A at 2. Harris, Amicus and Magnolia Hill Farm and Nursery filed the instant motions in limine to exclude the urinalysis test results and to redact the results from all medical records admitted into evidence. Kubota opposes the motions.

All parties agree that the urinalysis results do not prove Harris was impaired at the time of the accident. Kubota, however, asserts that the results demonstrate that Harris used drugs closer in time to the accident than he admits. Further, Kubota maintains that the results establish that Harris lied when denying his drug use to the Amicus insurance adjustor and when stating during his deposition that he ingested drugs only in the beginning of the accident week. Kubota also argues that Harris's method of detaching the rotary tiller from the Kubota tractor while the tractor was

in operation, while the tiller was elevated, and while it was in a raised position was against common sense and can likely be explained by a drug impairment. Therefore, Kubota's position is that Harris's state of mind at the time of the accident, and more specifically, whether he was impaired or not, is at issue in this products liability case. As such, it contends that the extent to which he was impaired at the time of the accident is relevant, probative, and not unfairly prejudicial.

Harris, Amicus, and Magnolia Hill Farm and Nursery contend that the test results should not be admitted into evidence because the probative value of the evidence is substantially outweighed by its prejudicial effect, especially since the presence of metabolites and cannabinoids does not indicate whether a person was impaired at the time in question. Harris further asserts that Louisiana law prohibits impeachment as to a collateral matter, such that evidence of Harris's past drug use should be inadmissible for the purpose of impeaching his credibility and/or veracity.

Both Harris and Kubota have submitted expert opinions as to the significance of the urinalysis results. Harris's expert, Dr. Patrick Harding ("Harding"), states that the urinalysis

> does not provide a quantitative result, but merely show[s] either "positive" or "negative" for [the] presence of the metabolites of the substance being tested for. Metabolites are the byproducts produced by

3

> the body's processing of these substances. Metabolites remain in the body long after any behavioral influence of the drug is gone. . . . No tests were taken to determine the actual presence of marijuana and cocaine in Wesley Harris' body, as opposed to the presence of the metabolites of marijuana and cocaine in Wesley Harris' body.

Record Document 39, Exhibit 1 at 2. Harding further attests that Harris's test results "do not confirm the presence of either marijuana or cocaine," and that this particular type of drug screening is "not a reliable form of testing regarding how recently a substance has been used by the person being tested." Id. at 2-3. Harding concludes that Harris's drug use could have been days or even weeks prior to his accident. See id. at 3.

On the other hand, Kubota's expert, Dr. William George ("George"), claims that

> the smoking of "one or two" rocks of cocaine at the beginning of the week would not have produced the positive result for cocaine/metabolite on Friday afternoon . . . . The positive test for cocaine/metabolite (Friday PM) is indicative of the use of cocaine nearer to the time of the accident than early in the week (Monday or Tuesday). . . . [I]t is more probable than not that Mr. Harris used cocaine within forty-eight hours or less prior to the time of the accident. . . .[I]f Mr. Harris had used cocaine within twenty-four hours of the test, indirect effects such as fatigue, impaired concentration and apprehension would have been expected.

Record Document 45, Exhibit C at 2-3.

## II. LAW AND ANALYSIS

Federal Rule of Evidence 401 provides that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The Supreme Court favors a liberal standard of admissibility. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 587, 113 S. Ct. 2786 (1993). Under Federal Rule of Evidence 403, a court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."

The Fifth Circuit Court of Appeals has routinely cautioned that "unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" Ballou v. Henri Studios, Inc., 656 F.2d 1147, 1155 (5th Cir. 1981) (citing Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 618 (5th Cir. 1977)). Rule 403 contemplates unfair prejudice to mean "an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." Id. (internal marks omitted). Because Rule 403 allows for the exclusion of relevant evidence, its application "must be cautious and sparing." Brady v. Fort Bend County, 145 F.3d 691, 715 (5th Cir. 1998). Accordingly, the court must consider the evidence as true when balancing the potential prejudice

5

against the probative force of the evidence.  See Ballou, 656 F.2d at 1154.

Here, the results of Harris's drug test not only must be relevant; their probative value must also outweigh the prejudicial effect caused by their introduction.  Evidence of Harris's use of cocaine and marijuana during the week of his accident is relevant because it may, in the mind of the jury, tend to establish that Harris was impaired at the time of the accident, an issue in this case.  See Bocanegra v. Vicmar Serv. Inc., 320 F.3d 581, 587 (5th Cir. 2003); see also Evans v. Toyota Motor Corp., No. V-03-09, 2005 WL 3844071, at *1 (S.D.Tx. Sept. 2, 2005).  Thus, evidence of drug use during the week of the accident is highly probative of Harris's ability to operate and remove dangerous components from a tractor while the tractor was in operation.  This evidence illuminates Harris's "ability to react, perceive and reason." Evans, 2005 WL 3844071 at *5.  Further, although the urinalysis results will likely have an adverse effect on Harris's case, such prejudice cannot be deemed unfair, as Harris's possible impairment provides a basis for a finding of contributory negligence.  See Ballou, 656 F.2d at 1155.  In short, the probative value of the evidence is not substantially outweighed by the prejudice it may cause.  Hence, the test results are relevant, probative, and admissible in this case.  Accordingly;

**IT IS ORDERED** that the motions in limine (Record Documents 39 and 43)

be and are hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this the 22nd day of September, 2003.

_____
JUDGE TOM STAGG